UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT ASHLAND

| | |
|---|---|
| JAMES GANDY, ) | |
| ) | |
| Plaintiff, ) | Civil No. 0: 22-005-WOB |
| ) | |
| V. ) | |
| ) | |
| P.A. BOYD, *et al.*, ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Defendants. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

James Gandy is a federal inmate confined at the Federal Correctional Institution ("FCI")-Ashland located in Ashland, Kentucky. Proceeding without an attorney, Gandy previously filed a document with the Court seeking permission to proceed *in forma pauperis* in a civil action against "P.A. Boyd (et al.); Medical Director of Ashland FCI (et al.) [and] Director of Psychology (et al.)." [R. 1] While the Clerk of the Court opened the case a new civil matter, Gandy's submission was not a formal complaint, nor did Gandy pay the $402.00 in filing and administrative fees or file a motion for leave to proceed *in forma pauperis*. Accordingly, on January 21, 2022, the Court entered an Order directing Gandy to file a formal complaint and either pay the $402.00 filing and administrative fees or file a properly-supported motion using the Court-supplied forms. [R. 5]

Gandy has now filed a complaint on the Court-approved form [R. 9] and filed a motion to proceed *in forma pauperis*. [R. 10] However, Gandy's motion is not supported by the financial information required by 28 U.S.C. § 1915(a)(2). The Court's prior Order specifically explained to Gandy that a motion to proceed *in forma pauperis* must be supported by a copy of his trust fund account statement for the 6-month period immediately preceding the filing of his complaint that is certified by the appropriate prison official. [R. 5] While Gandy submitted a copy of an "Inmate

Inquiry" regarding his account, it is not certified by prison staff. [R. 10-1] Thus, Gandy's motion will be denied.

Even so, the Court will proceed with conducting a preliminary review of Gandy's complaint pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A. A district court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997). The Court evaluates Gandy's complaint under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage, the Court accepts the plaintiff's factual allegations as true, and his legal claims are liberally construed in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

As an initial matter, because of the way Gandy has chosen to plead his claims, it is difficult to ascertain what his claims actually are. A proper complaint must set forth its claims against each defendant in a clear and concise manner, and must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010). *See also* Fed. R. Civ. P. 8(a). The Court's prior Order explained that Gandy's initial pleading seeking permission to proceed *in forma pauperis* in a civil action [R. 1] was *not* a complaint. [R. 5] The Court further clearly instructed Gandy that that, to proceed in this case, he must file a formal complaint on the Court-approved form that should describe the facts of his case, specifically identifying the people, dates, places, and actions which are relevant to his claims, and explain what he wants the Court to do. [*Id.*]

Despite these instructions, Gandy's claims are not set forth in a "clear and concise" manner. For example, rather than allege the factual basis for his claims, Gandy's complaint states "please

2

see attachments and motion submitted previously as well." [R. 9 at p. 2]  Presumably, Gandy is referring to his initial pleading [R. 1], in which he made vague references to "medical neglect" and "deliberate indifference" that he claims was "due to a Congressional inquiry done on or about August 2020." [R. 1 at p. 1]  His initial pleading further stated that, although he should have been seen "almost on a weekly basis," he had only been to the hospital once since the "inquiry" ended, nor had he been seen by psychology (except for a hallway visit).  [*Id*. at p. 2-3]

Gandy's complaint then alleges that on February 15, 2022 (a month after he filed this case), he went to medical complaining of chest pain and, rather than try to see him right away, they told him that he needed to follow sick call protocol.  [R. 9 at p. 2-3]  He claims that, when he was finally seen, his blood pressure was at "stroke level" and that prison staff seeks to punish him for seeking medical care.

Within two days of receiving Gandy's complaint on February 22, 2022, the Court also received four separate motions from Gandy seeking to "add supplemental evidence" to his complaint. [R. 11, 12, 14, 15]  These "supplements" sweep broadly, referencing Gandy's visit to medical on February 15; requesting that Gandy be released to home confinement; attaching newsletters sent to federal prisoners regarding the BOP's response to COVID; attaching emails regarding Gandy's attempt to exhaust his administrative remedies [R. 11]; describing an incident on February 18, 2022 where an officer questioned why medical had given Gandy a hard time in a prior visit [R. 12]; seeking to add a breach of contract claim against the BOP on behalf of the Court and the Department of Justice [R. 14]; and seeking to add entries from Gandy's journal from February 15, 2022, through February 18, 2022.  [R. 15]  However, Gandy failed to submit a proposed supplemental complaint with any of his motions.  Moreover, Gandy was instructed to plead his claims in a *single* complaint.  While requests to supplement or amend a complaint may

3

be warranted in appropriate circumstances, *see generally* Fed. R. Civ. P. 15, even if it were warranted here, Gandy's failure to tender a proposed amended or supplemental complaint warrants denial of his motions. *Kuyat v. BioMimetic Therapeutics, Inc.*, 747 F.3d 435, 414 (6th Cir. 2014) (a party seeking an amendment must attach a copy of the proposed amended complaint to his motion).

Moreover, Gandy's attempt to plead his claims in six separate pleadings (his initial submission; his formal complaint; and his four separate motions adding "supplemental evidence") runs afoul the federal pleading requirements, as it makes it difficult (if not impossible) for the defendants and the Court to identify what, exactly, Gandy's claims are and the parties against whom they are alleged. Pleading claims this way violates Fed. R. Civ. P. 8 because piecemeal complaints filed as separate documents necessarily do not contain "a short and plain statement of the claim showing that the pleader is entitled to relief," nor are they made up of allegations that are "simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), (d)(1). "Neither the Court nor Defendants are obligated to search through the Complaint and its voluminous exhibits in order to glean a clear and succinct statement of each claim for relief. It is Plaintiffs' responsibility to edit and organize their claims and supporting allegations into a manageable format." *Laster v. Pramstaller*, No. 08-CV-10898, 2008 WL 1901250, at *2 (E.D. Mich. April 25, 2008). For these reasons, all four of Gandy's motions to supplement his claims will be denied.

Moreover, having reviewed Gandy's complaint [R. 9], the Court concludes that it must be dismissed without prejudice, as it is evident from the face of the complaint that Gandy has not fully exhausted his administrative remedies with respect to his claims. Under the Prison Litigation Reform Act of 1995 ("PLRA"), a prisoner wishing to challenge the circumstances or conditions of his confinement must first exhaust all available administrative remedies. 42 U.S.C. § 1997e(a);

4

*Jones v. Bock*, 549 U.S. 199, 211 (2007) ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court."); *Fazzini v. Northeast Ohio Correctional Center*, 473 F.3d 229, 231 (6th Cir. 2006); *Campbell v. Barron*, 87 F. App'x 577, 577 (6th Cir. 2004). Further, mere attempts at exhaustion are not enough; instead, the PLRA requires "proper exhaustion of administrative remedies." *Woodford v. Ngo*, 548 U.S. 81, 90 (2006). The Supreme Court has defined proper exhaustion as "using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits)." *Id.* (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)) (emphasis in original).[1]

Gandy's signed his initial pleading on January 11, 2022, and signed his formal complaint on February 15, 2022.[2] In his complaint, Gandy indicates that he filed a request or appeal to the Warden on February 15, 2022, and was told that he could "take other avenues to handle it." [R. 9 at p. 4] Gandy further explains that "I had to give them an electronic grievance because multiple times I have tried to obtain paper grievances and was given a run-around." [*Id.* at p. 5]

However, Gandy's complaint confirms that he did not even attempt to begin the administrative grievance process prior to initially filing this case on January 11, 2022. Because he

---

[1] The BOP's Inmate Grievance System requires a federal prisoner to first seek informal resolution of any issue with staff. 28 C.F.R. § 542.13. If a matter cannot be resolved informally, the prisoner must file an Administrative Remedy Request Form (BP-9 Form) with the Warden, who has 20 days to respond. *See* 28 C.F.R. §§ 542.14(a) and 542.18. If the prisoner is not satisfied with the Warden's response, he may use a BP-10 Form to appeal to the applicable Regional Director, who has 30 days to respond. *See* 28 C.F.R. §§ 542.15 and 542.18. If the prisoner is not satisfied with the Regional Director's response, he may use a BP-11 Form to appeal to the General Counsel, who has 40 days to respond. *See* 28 C.F.R. §§ 542.15 and 542.18. *See also* BOP Program Statement 1330.18 (Jan. 6, 2014).

[2] Under the prison mailbox rule, an incarcerated plaintiff's complaint is deemed filed on the date that it is handed to a prison official for mailing to the court. *Richard v. Ray*, 290 F.3d 810, 812-13 (6th Cir. 2002) (extending the rule of *Houston v. Lack*, 487 U.S. 266 (1988) to civil matters). Ordinarily, the Court presumes that this occurs on the date the complaint is signed. *Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008).

had not even begun the administrative remedy process prior to filing this action, much less appealed the denial of his grievance to the Warden, the Regional Director, and the General Counsel, as is required, his claims are premature. *See Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999) (because "[t]he plain language of [the PLRA] makes exhaustion a precondition to filing an action in federal court…[t]he prisoner, therefore, may not exhaust administrative remedies during the pendency of the federal suit.") (citations omitted).

True, Gandy claims that he has been given the "run around" from prison staff when he tried to obtain paper grievances.[3] However, Gandy's subjective, conclusory assessment that he has been given the "run around" is directly contradicted by the email correspondence that he submits with his complaint and is insufficient to excuse his admitted failure to pursue any administrative remedies beyond the first informal request. *Cf. Colton v. Ashcroft*, 299 F. Supp. 2d 681, 689-90 (E.D. Ky. 2004) (noting circumstances in which futility may be shown, which are not evident here). According to the documentation submitted by Gandy, on January 13, 2022, he sent an email requesting a complete copy of his medical history. [R. 9-1 at p. 3] Administrative staff responded on January 13, 2022, explaining that they were currently experiencing a high volume of medical records request that that the average response time was currently 60-90 days. [*Id*.] The response further advised that Gandy would be placed on call out at soon as his records were prepared and ready and that if his symptoms were worsening or have changed, he should make sick call to

---

[3] Gandy has also filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in which he makes similar claims regarding his attempts to obtain a BP-8 Form from prison staff. *See Gandy v. Lemaster*, No. 0:22-cv-014-HRW (E.D. Ky.). However, in that case, Gandy's claim of being sent on a "fishing expedition" was also contradicted by the email correspondence attached to his petition, which showed that Gandy had failed to follow the directions he was repeatedly given regarding how to properly request a BP-8 Form. *Id*. at R. 4.

discuss with his provider. [*Id*.] Gandy does not indicate that he pursued this informal request further.

On February 15, 2022, Gandy sent an email to the Warden stating that he had sent an informal grievance to his office that evening regarding Gandy's lack of medical care and mental health care, which he believed showed a "deliberate indifference towards my medical safety and my mental health." [R. 9-1 at p. 2] The Warden responded on February 15, 2022, instructing Gandy to "continue to follow-up with both Health Services and Psychology Services." [*Id*.] The Warden further explained that "[y]ou have multiple avenues to interact with these departments to include sick call, email and main line. If necessary, you can bring your concerns to the respective Associate Warden." [*Id*.] Gandy does not indicate that he pursued this informal request further. Instead, he signed his complaint in this case that same day (February 15).

On February 16, 2022, Gandy sent another email to the Warden complaining that he had gone to medical on February 15 because he was having chest pains and numbness and Mr. Harris angrily told him that "there is a sick call process!" [R. 9-1 at p. 3] Gandy states that he was seen by Mrs. McCarty later than afternoon who provided Gandy adequate care. [*Id.*] Gandy does not indicate whether there was a response to this email, although it is impossible for him to have received a response prior to signing his complaint on February 15 (the day before he sent the email).

In any event, based on the documentation submitted by Gandy, at best, he has made three attempts to submit an informal grievance request related to his medical care, but has made no effort to appeal the denial of those requests further, either with the Warden, the Regional Director, and/or the Central Office. For these reasons, it is evident from the face of the complaint and its

attachments that Gandy did not fully exhaust his available administrative remedies prior to filing his complaint.

The "mandatory language [of the PLRA] means a court may not excuse a failure to exhaust." *Ross v. Blake*, 136 S. Ct. 1850, 1856-57 (2016). Where a plaintiff has filed a complaint prior to fully exhausting his available administrative remedies, a district court may properly dismiss the complaint without prejudice to afford the plaintiff the opportunity to properly invoke and follow the jail's grievance procedures with respect to his concerns. *Napier v. Laurel County*, 636 F.3d 218, 222 (6th Cir. 2011).

Because Gandy has not fully exhausted his administrative remedies available via the BOP's grievance process, his claims are premature, rendering dismissal of his complaint appropriate. However, the complaint will be dismissed "without prejudice," meaning that Gandy may file a new complaint if and when he properly completes the BOP's administrative remedy process. As this case will be dismissed, Gandy's motion for ex parte injunction [R. 13] seeking release to home confinement will be denied as moot.

Accordingly, it is hereby **ORDERED** as follows:

1. Gandy's motion for leave to proceed *in forma pauperis* [R. 10] is **DENIED**.

2. Gandy's motions to add supplemental evidence [R. 11, 12, 14, 15] are **DENIED**.

3. Gandy's complaint [R. 9] is **DISMISSED WITHOUT PREJUDICE** to his ability to re-file his claims in a new case after the administrative remedy process is complete.

4. All remaining requests for relief, including Gandy's motion for ex parte injunction [R. 13], are **DENIED AS MOOT**.

5. **JUDGMENT** shall be entered contemporaneously with this Order.

6.      This matter is **STRICKEN** from the Court's docket.

This the 2nd day of March, 2022.



Signed By:
William O. Bertelsman WOB
United States District Judge